## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **PRESTON MICHAEL HILBURN**<br><br>**Plaintiff,**<br><br>v.<br><br>**TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and KLARNA, INC.**<br><br>**Defendants.** | **)**<br>**)**<br>**)**  **CIVIL ACTION NO. 2:26-00626-MRP**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)** |

### RULE 26(f) REPORT AND JOINT DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties submit to chambers the following report of their meeting for the Court's consideration:

**I.    Discussion of Claims, Defenses and Relevant Issues**

**A.    Plaintiff:**

Plaintiff brings this action for damages against Defendants Trans Union, Experian and Klarna alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq., for its failure to assure the maximum possible accuracy of the Plaintiff's consumer credit files. Specifically, Plaintiff alleges that Defendants Trans Union and Experian reported inaccurate account information by continuing to report a late payment and balance with Klarna when in fact there was no balance, and the account was not late. Further, Plaintiff disputed the inaccurate information reporting on his credit reports. Defendant, however, failed to remove the inaccurate information in violation of FCRA Sections 1681e(b) and1681i.

Additionally, Plaintiff brings this action for damages against Defendant Klarna alleging violations of 15 U.S.C. §1681s-2(b) by willfully and negligently failing to comply with the

requirements imposed on furnishers of information.  Defendant Klarna has failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes.

As a result of Defendants' inaccurate reporting, Plaintiff alleges that he experienced damage to his credit reputation, lost credit opportunities and suffered emotional distress. Plaintiff seeks statutory, actual and punitive damages, as well as his costs of the action together with reasonable attorney's fees once he is successful in establishing liability.

**Klarna[1]:**

**Trans Union:**

Defendant Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

**<u>Issues</u>**:

Factual: Whether Plaintiff was the cause of any alleged misreporting by Trans Union. Whether Plaintiff can demonstrate, as required, that Trans Union reported inaccurate information about Plaintiff. Whether Trans Union maintained reasonable procedures to ensure accurate reporting. The nature and basis of Plaintiff's alleged disputes to Trans Union and Trans Union's handling of same. Whether Plaintiff can demonstrate, as required, that he suffered any damages and that such damages were causally related to any violation of the FCRA.

---

[1] Defendant Klarna has not yet responded to the complaint. Although, Plaintiff's counsel has been contacted by counsel for Defendant Klarna.

Legal: Whether Trans Union maintained and followed reasonable procedures designed to ensure maximum possible accuracy in accordance with 15 U.S.C. § 1681e(b). Whether the aforementioned factual issues establish the basis for any claims against Trans Union pursuant to Sections 1681e(b) and 1681i of the FCRA.

**Experian:**

Experian is a "consumer reporting agency" as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy.

Defendant Experian asserts that it complied at all times with the FCRA and all other laws. Experian's reporting was accurate at all times and Experian denies that Plaintiff suffered any damages whatsoever. To the extent that it is determined that Plaintiff suffered any damages, Experian had no involvement in the same. Experian reasserts all Affirmative Defenses set forth in its Complaint as if the same were stated fully herein. Experian believes that the key legal issues in this case are (1) whether Experian employed reasonable procedures to assure the

3

maximum possible accuracy of the information on Plaintiff's credit reports; (2) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's credit file and whether Experian conducted a reasonable reinvestigation of any disputed item based on the information submitted by Plaintiff; and (3) whether Plaintiff's damages, if any, can be attributed to Experian.

## II.    INITIAL AND INFORMAL DISCLOSURES

The parties will serve their Initial Disclosures by or before the Rule 16 Conference scheduled on July 14, 2026.

## III.    FORMAL DISCOVERY

The parties anticipate that discovery will be necessary prior to the filing of dispositive motions, including the exchange of written discovery and responses and documents thereto and the depositions of the parties and party representatives. The parties jointly propose the following schedule for discovery:

1.    **Close of Fact Discovery:** November 13, 2026.

2.    **Dispositive Motions:** Dispositive motions to be filed on or before March 12, 2027.

3.    **Pretrial Conference:** A Final Pre-Trial Conference will be held, if necessary, after disposition of any dispositive motions to schedule dates for the filing of pre-trial memoranda, motions *in limine*, a Daubert hearing, and/or trial.

## IV.    ELECTRONIC DISCOVERY

The parties do not anticipate any issues pertaining to electronically stored data which is produced in this case. The parties are amenable to producing any electronically stored information in hard copy or in .pdf format as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary

**V.     EXPERT WITNESS DISCLOSURES**

Affirmative expert witnesses, if any, shall be disclosed by December 14, 2026, and expert reports shall be submitted on that same day. Rebuttal expert reports to be submitted by January 14, 2027. Expert depositions will be completed by February 12, 2027.

**VI.     EARLY SETTLEMENT OR RESOLUTION**

The parties anticipate discussing the potential for an early resolution of this matter once initial documentation has been exchanged by the parties.

**VII.     TRIAL DATE**

The parties expect to be prepared for trial by April 2027.

**VIII.     OTHER MATTERS**

None.

**FRANCIS MAILMAN SOUMILAS, P.C.**

*/s/ Siobhán McGreal*
Siobhán McGreal, Esquire
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Telephone: 215-735-8600
smcgreal@consumerlawfirm.com

*Attorney for Plaintiff*

**TRANS UNION, LLC**

*s/  Justin T. Walton*
Justin T. Walton
555 W. Adams Street
Chicago, IL 60661
317-902-9640
Email: justin.walton@transunion.com

*Attorney for Trans Union, LLC*

**MARGOLIS EDELSTEIN**

/s/ *Mohammad A. Ghiasuddin*____
Mohammad A. Ghiasuddin, Esquire
The Curtis Center, Suite 400E
170 S. Independence Mall, W
Philadelphia, PA 19106
215-931-5802
Email: mghiasuddin@margolisedelstein.com

*Attorneys for Defendant Experian Information Solutions, Inc*

Dated: July 2, 2026