**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PRESTON MICHAEL HILBURN, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CASE NO. 2:26-cv-00626-MRP** |
| | : | |
| TRANS UNION, LLC, EXPERIAN | : | |
| INFORMATION SOLUTIONS, INC., | : | |
| AND KLARNA, INC.; | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANT KLARNA INC.'S *UNOPPOSED* MOTION FOR LEAVE TO FILE ITS ANSWER TO PLAINTIFF'S COMPLAINT NUNC PRO TUNC**

Pursuant to Fed. R. Civ. P. 6, Defendant Klarna Inc. ("Klarna") respectfully requests that this Honorable Court grant it an extension *nunc pro tunc* to file its Answer to Plaintiff's Complaint. In support thereof, Klarna states as follows:

1. Plaintiff filed his Complaint on January 30, 2026. Dkt. No. 1.

2. According to the Affidavit of Service docketed at Dkt. No. 10, Klarna received service of process on March 26, 2026. However, a technical or clerical error occurred at some point between service upon Klarna's registered agent and Klarna's receipt of notice of such service, as Klarna does not have any record of receiving service of the Complaint.

3. With service of process occurring on March 26, 2026, Klarna's responsive pleading was due on or before April 16, 2026.

4. Klarna first learned of this matter when Plaintiff's attorney contacted Klarna's undersigned counsel, at which point Klarna immediately began investigating Plaintiff's claims and unanswered questions regarding service.

1

5.      Undersigned counsel also immediately conferred with counsel for Plaintiff to seek consent in this Motion and discuss Plaintiff's account.

6.      With Plaintiff's consent, Klarna now seeks leave to file the attached Answer to Plaintiff's Complaint *nunc pro tunc*.

7.      When an act must be done within a specified period, the Court may, on motion made after the time has expired, extend the time if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b).

8.      In *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 113 s. Ct. 1489, 123 L.Ed. 2d 74 (1993), the Supreme Court held that neglect, in the context of  Fed R. Civ. P. 6(b), encompasses "inadvertence, mistake, or carelessness, as well…as intervening circumstance beyond the party's control. Whether neglect is excusable is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." *Id.* (internal citations omitted).

9.      Relevant circumstances include the danger of prejudice to the opposing party, the length of delay and its potential impact on the proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.* (internal citations omitted).

10.     It is also well established that trial courts enjoy broad discretion to manage their cases. *See Chrysler Int'l. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).

11.     Here, Klarna's failure to answer by the stated deadline is the result of excusable neglect. For reasons Klarna continues to investigate, it did not receive notice of service upon its registered agent until several months after service. Had it received notice of service, Klarna would have timely responded.

2

12.     Plaintiff and the other Defendants will not be prejudiced if Klarna is afforded the requested relief. A pretrial conference is scheduled to occur in this matter on July 16, 2026, so no case management deadlines have been established. Allowing Klarna to file its Answer *nunc pro tunc* will not interfere with the timely progression of this matter or cause further delay, and will facilitate all parties' participation in the upcoming conference.

13.     Counsel for Klarna conferred with counsel for Plaintiff, who consents to this Motion and the requested relief.

WHEREFORE, Defendant Klarna Inc. respectfully requests that this Honorable Court grant its Motion, allow it to file its Answer to Plaintiff's Complaint *nunc pro tunc*, and further award all such other relief as the Court deems appropriate.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By:     */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
PA Bar No. 92412
1400 Marsh Landing Parkway, Suite 109
Jacksonville, FL 32250
☎ (904) 373-0546
🖷 (904) 298-8350 (fax)
✉ lburnette@messerstrickler.com

ANDREW M. SCHWARTZ, ESQUIRE
PA Bar No. 79427
935 E. Lancaster Ave., #1003
Downingtown, PA 19335
☎ (320) 434-9664
🖷 (904) 298-8350 (fax)
✉ aschwartz@messerstrickler.com
*Counsel for Defendant Klarna, Inc.*

Dated: July 6, 2026

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on July 6, 2026, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by electronic service and/or U.S. Mail, postage prepaid.

**MESSER STRICKLER BURNETTE, LTD.**

By:    */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
PA Bar No. 92412
1400 Marsh Landing Parkway, Suite 109
Jacksonville, FL 32250
☎ (904) 373-0546
🖷 (904) 298-8350 (fax)
✉ lburnette@messerstrickler.com

ANDREW M. SCHWARTZ, ESQUIRE
PA Bar No. 79427
935 E. Lancaster Ave., #1003
Downingtown, PA 19335
☎ (320) 434-9664
🖷 (904) 298-8350 (fax)
✉ aschwartz@messerstrickler.com
*Counsel for Defendant Klarna, Inc.*

Dated: July 6, 2026